1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7   KARINE M. NICHOLS,

8                          Plaintiff,

9        v.

10  CAROLYN W. COLVIN, Acting
    Commissioner of Social Security,

11                          Defendant.

12

NO:  13-CV-3038-TOR

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

13        BEFORE THE COURT are the parties' cross motions for summary

14  judgment (ECF Nos. 13, 14).  Plaintiff is represented by D. James Tree.

15  Defendant is represented by Jeffrey E. Staples.  The Court has reviewed the

16  administrative record and the parties' completed briefing and is fully informed.

17  For the reasons discussed below, the Court grants Defendant's motion and denies

18  Plaintiff's motion.

19                          JURISDICTION

20        The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id.* (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted).

The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b); 416.920(b).

1    If the claimant is not engaged in substantial gainful activities, the analysis

2  proceeds to step two.  At this step, the Commissioner considers the severity of the

3  claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the

4  claimant suffers from "any impairment or combination of impairments which

5  significantly limits [his or her] physical or mental ability to do basic work

6  activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c);

7  416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

8  however, the Commissioner must find that the claimant is not disabled.  *Id.*

9    At step three, the Commissioner compares the claimant's impairment to

10  several impairments recognized by the Commissioner to be so severe as to

11  preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§

12  404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more

13  severe than one of the enumerated impairments, the Commissioner must find the

14  claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

15    If the severity of the claimant's impairment does meet or exceed the severity

16  of the enumerated impairments, the Commissioner must pause to assess the

17  claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

18  defined generally as the claimant's ability to perform physical and mental work

19  activities on a sustained basis despite his or her limitations (20 C.F.R. §§

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f); 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If

the analysis proceeds to step five, the burden shifts to the Commissioner to

establish that (1) the claimant is capable of performing other work; and (2) such

work "exists in significant numbers in the national economy."  20 C.F.R. §§

404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for disability insurance benefits and supplemental security

income in August 2009, with an alleged onset date of January 28, 1999.[1] Tr. 147-

53, 143-46. Her applications were denied initially and upon reconsideration.  Tr.

84-87, 88-92, 94-97, 98-101. Plaintiff filed a request for a hearing and appeared

with an attorney at a hearing before an administrative law judge ("ALJ") on

October 18, 2011. Tr. 104-105, 40-79.

The ALJ issued a decision on November 15, 2011. Tr. 22-34. The ALJ

found Plaintiff insured through December 31, 2004.  Tr. 24.  At step one, the ALJ

found that Plaintiff had not engaged in substantial gainful activity since October 1,

2003, the amended alleged onset date. *Id*. At step two, the ALJ found that Plaintiff

---

[1] At the hearing, Plaintiff amended her alleged onset date of disability to October 1,

2003.  Tr. 42, 50, 138.  Plaintiff is also not eligible for SSI disability benefits for

any month prior to the month following the month she protectively filed her SSI

disability benefits application. 20 C.F.R. §§ 416.330, 416.335.

had severe medical impairments consisting of rheumatoid arthritis, fibromyalgia, and bilateral tendonitis of the upper extremities, Tr. 25, but at step three, the ALJ determined that Plaintiff's impairments, alone or in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, Tr. 26. The ALJ then determined that Plaintiff had residual functional capacity to perform a wide range of light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b).[2] Tr. 27.  At step four, the ALJ determined that the claimant was unable to perform any past relevant work which was at the medium level of physical exertion. Tr. 32. However, because Plaintiff had the residual capacity to perform work existing in significant numbers in the national economy in representative occupations such as fast food worker, cashier II, and deli cutter, the ALJ found that Plaintiff was not disabled at step five. Tr. 33.

_____

[2] Except the ALJ found that Plaintiff could: "stand and/or walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. The claimant is limited to frequent balancing, kneeling, stooping, crouching, and climbing of ramps and stairs. The claimant cannot climb ladders, ropes, or scaffolds. The claimant's exposure to vibration should not be more than occasional."  Tr. 27

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

On February 1, 2013, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Tr. 1-6, 20 C.F.R. § 404.981.

ISSUES

Plaintiff identifies three issues for review:

1. Did the ALJ improperly reject the opinions of the claimant's treating and examining medical providers?

2. Did the ALJ improperly reject the claimant's subjective complaints?

3. Did the ALJ fail to identify specific jobs, available in significant numbers, consistent with the claimant's specific functional limitations?

ECF No. 13 at 8.

DISCUSSION

**A. Opinions of Treating and Examining Physicians**

Plaintiff contends the ALJ erred in rejecting the opinions of her treating, examining, and reviewing medical providers, including Dr. Christensen, Dr. Chang, and Dr. Staley.  ECF No. 13 at 10-15; ECF No. 15 at 4-7.[3]

_____

[3]  In her reply brief, Plaintiff appears to have implicitly conceded that Mr. Potter's residual functional capacity assessment is not deserving of medical source status, Tr. 337-344, and has abandoned this argument.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

A treating physician's opinions are entitled to substantial weight in social security proceedings. *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009). If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray,* 554 F.3d at 1228 (quotation and citation omitted). A physician's opinion may be discounted if it relies on a claimant's unreliable self-report. *Bayliss,* 427 F.3d at 1217; *see also Buckner–Larkin v. Astrue,* 450 Fed. Appx. 626 (9th Cir. 2011) ("if the ALJ determines that the subjective complaints of the claimant are not credible, that is sufficient reason for discounting a physician's opinion that is based on these complaints.") *citing Bray,* 554 F.3d 1219.

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss,* 427 F.3d at 1216 (*citing Lester v. Chater,* 81 F.3d 821, 830–831 (9th Cir.1995)). It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson v. Perales,* 402 U.S. 389, 400 (1971). If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the

1  Commissioner. *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir. 1999); *Allen v.*

2  *Heckler,* 749 F.2d 577, 579 (9th Cir. 1984).

3      *a.  Dr. Royden Christensen*

4      Here, the ALJ discounted Dr. Christensen's opinion because he claimed

5  there was no indication of drug abuse or dependency in a report dated January 27,

6  2011. The ALJ stated:

7      Despite several notations elsewhere in the record, treating physician,
       Roy Christensen, DO, reported that there was no indication of drug

8      abuse or dependency by the claimant (Ex. B16F/3[Tr. 398]). This
       report by Dr. Christensen also erodes his credibility as a medical

9      source opinion.

10  Tr. 29.  While the ALJ correctly observed there was evidence in the record of drug

11  seeking behavior, Tr. 334, the ALJ failed to appreciate that conduct was limited to

12  August 2003.  Accordingly, it was error for the ALJ to discount Dr. Christensen's

13  2011 opinion with a historical medical report by another doctor some eight years

14  earlier.  The underlying behavior, however, is certainly relevant to the period under

15  review, from October 2003.

16      Next, the ALJ recounted Dr. Christensen's evaluations and opinions.  Tr. 30.

17  The ALJ observed:

18      In these evaluations, Dr. Christensen opined that the claimant needed
       breaks to stand and stretch after sitting, however, Dr. Christensen

19      provided no objective evidence in any of his examinations to support
       a sit/stand limitation. Dr. Christensen also opined that the claimant

20      was a "poor candidate for the workforce due to having to miss
       multiple days each week" (Ex. 28F/1[Tr. 551]). For this last

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

1
2
3
4
5

> evaluation, Dr. Christensen opined that the claimant had such limitations since October 2003, however, during an earlier evaluation, he opined that such limitations began in February 2006 (Ex. 15F/3[Tr. 395]). Although Dr. Christensen has been the claimant's treating physician, his opinions are internally inconsistent with his own evaluations, and inconsistent with his routine progress notes, and objective findings throughout the record (Ex. 22F[Tr. 446-483). Accordingly, little weight can be given to Dr. Christensen's opinion.

6     Tr. 30-31.  These records show that Plaintiff was a new patient for Dr. Christensen
7     on February 21, 2006.  Tr. 453.  Plaintiff was previously being treated by Dr.
8     Ember Christensen, at the same medical practice, who opined that Plaintiff was
9     capable to work as a receptionist or counselor.  *See e.g.,* Tr. 451 (dated August 1,
10    2005).

11           Dr. Royden Christensen's opinion that Plaintiff became disabled in February
12    2006, seems to coincide with the date he began treating her.  Dr. Christensen's
13    amended opinion, dated October 12, 2011, clarified that he then believed
14    Plaintiff's disabling limitations existed since at least October 2003.  Tr. 551.  The
15    change of onset date is not necessarily an inconsistency.  However, the ALJ
16    correctly observed that "his opinions are internally inconsistent with his own
17    evaluations, and inconsistent with his routine progress notes, and objective
18    findings throughout the record."  On June 12, 2006, Dr. Christensen noted that
19    Plaintiff's "Pain currently is 0/10. . . . Fibromyalgia, rheumatoid arthritis, chronic
20    pain [were] stable at present. Pain is in good control." Tr. 454.  Indeed, Dr.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

1    Christensen wrote on July 6, 2006, that Plaintiff "ok to work @ this time. . . ."  Tr.

2    455.  In February 2008, June 2008, May 2009, Dr. Christensen indicated Plaintiff

3    was capable of sedentary work.  Tr. 456, 460, 466.  By January 2011, Dr.

4    Christensen indicated Plaintiff was nearly capable of light work, with no postural

5    restrictions and that participation in training and employment activities was

6    appropriate.  Tr. 478-79.  These contemporaneous records are inconsistent with Dr.

7    Christensen's final opinion of total disability, Tr. 551, and provide a legitimate

8    basis for the ALJ to discount his opinion.

9          *b.  Dr. Sophia Chang*

10          Plaintiff contends the "ALJ also rejected the opinion of Dr. Chang. While

11   the ALJ did not specifically reject her assessment, the ALJ did not accept it or

12   discuss it in the opinion. Dr. Chang opined that Ms. Nichols conditions of

13   fibromyalgia and rheumatoid arthritis limited full time employment activities

14   (ability to lift heavy objects, stand for long periods of time, etc.)."  ECF No. 13 at

15   14.  Defendant concedes the ALJ did not directly discuss Dr. Chang's opinion, but

16   contends the RFC accounted for all Dr. Chang's expressed limitations. On reply,

17   Plaintiff contends for the first time that the RFC failed to include a limitation about

18   following instructions.

19          On November 8, 2004, Dr. Chang checked a single box indicating that

20   Plaintiff's condition limited her "Full Time Employment activities (ability to lift

1    heavy objects, stand for long periods of time, follow instructions, perform physical

2    tasks such as bending over, reaching above overhead, etc.)." Tr. 447.  No further

3    explanation was provided by Dr. Chang.  There was no error for the ALJ to

4    overlook this single, likely over inclusive, checked box that was not accompanied

5    by any narrative, explanation or clinical findings.  *See Batson v. Comm'r of Soc.*

6    *Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).  Plaintiff does not otherwise

7    dispute that the ALJ's RFC incorporated the other limitations espoused by Dr.

8    Chang.

9            *c.  Dr. Norman Staley*

10           State agency Disability Determination Services (DDS) reviewing physician

11   Dr. Staley affirmed a single decision maker's RFC determination.  Tr. 392, 337-

12   344.  Those limitations were then accepted by the ALJ in formulating the RFC,

13   except the ALJ rejected the conclusion that Plaintiff "could stand and/or walk for

14   only 2 hours in an 8-hour workday" as not supported by objective findings.  Tr. 30.

15   The ALJ noted that "[p]hysical examination findings routinely showed that the

16   claimant's range of motion and motor strength were within normal limits and intact

17   (Ex. B8F/8[344])."  The record supports the ALJ's observation of this

18   inconsistency in the evidence.

19           It is the role of the trier of fact, not this Court, to resolve conflicts in

20   evidence. *Richardson,* 402 U.S. at 400. Having reviewed the entire record, the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

Court finds that the ALJ's rejection of Dr. Staley's conclusion concerning Plaintiff's ability to stand and walk is grounded in specific and legitimate reasons supported by substantial evidence.

### B. Claimant's Symptom Testimony

Plaintiff contends that the ALJ did not provide the required clear and convincing reasons for rejecting her subjective complaints, noting that the ALJ is required to "specifically identify what testimony is credible and what testimony undermines the claimant's complaints." ECF No. 13 at 15.

In order to find Plaintiff's testimony unreliable, the ALJ is required to make "a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002). An ALJ must perform a two-step analysis when deciding whether to accept a claimant's subjective symptom testimony. *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996). The first step is a threshold test from *Cotton v. Bowen* requiring the claimant to "produce medical evidence of an underlying impairment which is reasonably likely to be the cause of the alleged pain." 799 F.2d 1403, 1407 (9th Cir. 1986); *see also Bunnell v. Sullivan,* 947 F.2d 341, 343 (9th Cir. 1991). "Once a claimant meets the *Cotton* test and there is no affirmative evidence suggesting [she] is malingering, the ALJ may reject the claimant's testimony regarding the severity of [her] symptoms only if

[she] makes specific findings stating clear and convincing reasons for doing so."
*Smolen,* 80 F.3d at 1283–84 (citing *Dodrill v. Shalala,* 12 F.3d 915, 918 (9th Cir. 1993)). In weighing the claimant's credibility, the ALJ may consider many factors, including "'(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen,* 80 F.3d at 1284). If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing. *Tommasetti*, 533 F.3d at 1039. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

Plaintiff claims that the ALJ's "three reasons for rejecting her testimony: (1) it was inconsistent with her daily activities; (2) she was not motivated to live elsewhere; and (3) it was inconsistent with objective findings," were inadequate to reject her subjective complaints.  ECF No. 13 at 15.

In response, Defendant first contends that the ALJ relied on evidence of malingering to support the adverse credibility finding.  ECF No. 14 at 2-3.  The ALJ found:

> In December 2004, the claimant's treating counselor, Leticia Chavez,
> MSW, completed a questionnaire regarding the claimant's ability to
> work (Ex. B22F/4[449]). Ms. Chavez indicated that the claimant
> carried rule-out diagnoses of polysubstance dependence and
> malingering. Ms. Chavez reported that the claimant was "vague about
> her symptoms" and that she denied substance abuse, despite the
> claimant's documented history of substance abuse. Ms. Chavez's
> observations show that the claimant lacks credibility.

Tr. 31.  There is no evidence in the record to support a finding of malingering; it

was ruled-out. Tr. 449.  A counselor's statement that Plaintiff was "vague about

her symptoms" on one occasion in December of 2004 is not substantial evidence

with which to discount Plaintiff's testimony. Tr. 449.  Nor is Plaintiff's December

2004 denial of substance abuse a reflection that she is incredible just because there

was some indication of overmedication nearly a year and a half earlier, in August

of 2003.  Tr. 449, 334.

Next, Defendant contends the ALJ found Plaintiff's "drug-seeking behavior

further erodes the claimant's credibility as to the true extent of her pain." Tr. 29.

This finding is supported by substantial evidence, Tr. 334, but only to the extent it

is temporally related to Plaintiff's condition in and around August 2003 for

purposes of her Title II claim.  No other medical provider observed this behavior

again, except to repeat this one incident several times in the record.

Next, the Defendant contends the ALJ mentioned the lack of medical

records between 2004 and 2009, Tr. 29, as another reason to discount Plaintiff's

1    claim of total disability.  Plaintiff contends there are extensive medical records to

2    support her testimony.  While those records support her underlying condition, as

3    the ALJ observed, the few records available during this time period showed

4    "claimant had full range of motion in her upper extremities, her rheumatoid

5    arthritis was in "good control" and "stable." As recounted above and as the ALJ

6    found, the medical record was inconsistent with Plaintiff's claim of total disability.

7    Thus, the ALJ was justified in finding that the medical records do not support her

8    claim that she had a debilitating medical condition.

9         Defendant contends Plaintiff's activities of daily living were also

10   inconsistent with her subjective claims.  The ALJ specifically found:

11        [T]he record shows that the claimant is fully independent in activities
          of daily living (Ex. B10F[Tr. 350-58]). The claimant lives on her own,
12        and is able to attend to routines of self-care, meal preparation, driving,
          shopping, and visiting with friends and neighbors. Moreover, the
13        claimant lives in a very small community, near her children and
          grandchildren. The claimant is not motivated to live elsewhere, which
14        is understandable, but also evidences that the claimant is not
          motivated to work for reasons other than a disability. The claimant's
15        wide range of activities and self-chosen living environment is
          inconsistent with someone who has alleged disabling impairments.
16

17   Tr. 28.  Plaintiff reported her activities of daily living, which included being a

18   fulltime college student and carrying a 3.2 GPA, planning and preparing meals,

19   doing light housework and laundry, shopping and driving independently, and

20   interacting socially.  Tr. 351-52. These activities of daily living, particularly

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

Plaintiff's ability to maintain a 3.2 GPA and achieve an associate's degree in the midst of her alleged disability, are inconsistent with her testimony at the hearing that her pain made her unable to "be anywhere reliably five days a week." Tr. 74. The ALJ properly weighed this evidence against Plaintiff's credibility. Despite Plaintiff's protestation to the contrary, the ALJ may reasonably draw an adverse inference from evidence that Plaintiff is not working for reasons other than her disability. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (finding claimant not credible in part because he was laid off, not because he was injured).

The ALJ provided a number of legitimate, clear and convincing reasons, with citations to the record, for discounting Plaintiff's testimony. The Court concludes that these reasons are supported by substantial evidence. The ALJ did not err in relying upon them as a basis for not fully crediting Plaintiff's testimony about the disabling effects of her impairments.

**C. Jobs Consistent with Plaintiff's RFC**

Plaintiff step five argument is dependent upon successfully overturning the ALJ's decision concerning the arguments presented above. Having rejected those arguments, the Court finds the ALJ's step five finding is supported by substantial evidence. Considering Plaintiff's age, education, work experience, and residual functional capacity, the ALJ properly found she could still perform other jobs that existed in the national economy including representative positions such as: fast

food worker with approximately two million jobs in the national economy, and

40,000 jobs in Washington State; cashier II with approximately 1,100,000 jobs in

the national economy, and 21,000 jobs in Washington State; and deli cutter with

approximately 85,000 jobs in the national economy, and 1,700 jobs in Washington

State.

CONCLUSION

The ALJ's decision is based on substantial evidence and free of legal error.

The record is fully developed and supports in its entirety the ALJ's denial of

benefits.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 14 is

   **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter

Judgment for Defendant, provide copies to counsel, and **CLOSE** this file.

**DATED** May 7, 2014.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19